IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**VINCENT LEE WALKER,**

    **Plaintiff,**

v.                                                             **CASE NO. 23-3169-JWL**

**DOUGLAS COUNTY, KANSAS, BOARD
OF COUNTY COMMISSIONERS,**

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff, Vincent Lee Walker, who is currently confined at the Douglas County Jail in Lawrence, Kansas ("DCJ"), brings this pro se 42 U.S.C. § 1983 action against the Douglas County, Kansas, Board of County Commissioners. (Doc. 1.)  This matter is before the Court on Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 2).

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*.

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical

---

[1] Prior to filing the instant complaint, the Court finds three prior civil actions filed by Plaintiff which qualify as "strikes" under § 1915(g). *See Walker v. Douglas County, Kansas, Board of County Commissioners, et al.*, Case No. 22-3050-SAC (D. Kan. April 26, 2022) (dismissed for failure to state a claim); *Walker v. Douglas County Sheriff's Office, et al.*, Case No. 21-3136-SAC (D. Kan. Nov. 19, 2021) (same); *Walker v. State of Kansas, et al.*, Case No. 20-3118-SAC (D. Kan. June 17, 2020) (same).

harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). "Vague and utterly conclusory assertions are insufficient." *Id*. The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice." *Id*. (citations omitted). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

Plaintiff alleges in his Complaint that various officers at the DCJ have participated in distributing expired toothpaste to inmates. (Doc. 1, at 2–3.) Plaintiff alleges that this constitutes "unsafe or unsanitary living conditions." *Id*. at 3. Plaintiff seeks monetary damages in the amount of $144,000—"$12,000 for each Tribe of Israelites in the Holy Bible." *Id*. at 5. The Court has examined the Complaint and finds no showing of imminent danger of serious physical injury. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $402.00 district court filing fee[2] to the Court. If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 2) is **denied.**

---

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $52.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **August 10, 2023,** to submit the $402.00 filing fee.  The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

Dated July 12, 2023, in Kansas City, Kansas.


<u>S/  John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**