## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**VINCENT LEE WALKER,**

     **Plaintiff,**

     **v.**                           **CASE NO. 23-3169-JWL**

**DOUGLAS COUNTY, KANSAS,  BOARD
OF COUNTY COMMISSIONERS,**

     **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff, Vincent Lee Walker, who at the time of filing was confined at the Douglas County Jail in Lawrence, Kansas ("DCJ"), brings this pro se 42 U.S.C. § 1983 action against the Douglas County, Kansas, Board of County Commissioners.  (Doc. 1.)   Plaintiff alleges in his Complaint that various officers at the DCJ have participated in distributing expired toothpaste to inmates. (Doc. 1, at 2–3.)  Plaintiff alleges that this constitutes "unsafe or unsanitary living conditions." *Id.* at 3.  Plaintiff seeks monetary damages in the amount of $144,000—"$12,000 for each Tribe of Israelites in the Holy Bible." *Id.* at 5.

The Court entered a Memorandum and Order (Doc. 3) denying Plaintiff's motion for leave to proceed in forma pauperis, finding Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g).  The Court examined the Complaint and found no showing of imminent danger of serious physical injury.

The Court granted Plaintiff until August 10, 2023, to submit the $402.00 filing fee.  The Court's order provided that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice."  (Doc. 3, at 3.)  Plaintiff has failed to pay the filing fee by the deadline set forth in the order.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)).  "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).  "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to pay the filing fee by the deadline set forth in the Court's order.  As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**Dated August 11, 2023, in Kansas City, Kansas.**


**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**